UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NORMAN DOWELL,

                Plaintiff,

    -against-

CM & E CON, INC.,

                Defendants.
------------------------------------------------------------------x

Case No.: 08 Civ 5416

**ANSWER**

**DEFENDANT DEMANDS TRIAL BY JURY**

COUNSELORS:

    The defendant, CM & E CON, INC. by their attorneys, LITCHFIELD CAVO LLP, answering the Complaint of the plaintiff, herein upon information and belief:

    1.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "1", "3", "4", "5", "6" and "7".

    2.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint numbered "2", but admit CM & E CON, INC. is a foreign business corporation.

    3.    Denies upon information and belief as to each and every allegation contained in the paragraphs of the Complaint numbered "8", "10", "12","14", "16", "18" and "20", and refer all questions of law to this Honorable Court.

    4.    Denies upon information and belief as to each and every allegation contained in the paragraphs of the Complaint numbered "9", "11", "13", "15", "17", "19", "21", "22","23" and "24".

### AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

    5.    In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to Federal Rules of Civil Procedure by those amounts

which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claims, economic loss, from any collateral source including but not limited to insurance, Social Security, Workers' Compensation or employee benefits program.

### AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE

6. That this answering defendant claims that it is not responsible to the plaintiff herein. However, to the extent that the trier of the facts finds liability of 50 percent or less, this answering defendant claims entitlement to the benefits set forth.

### AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

7. That the injuries alleged to have been sustained by the plaintiff was sustained while he was involved in an activity into which he had entered, knowing full well the hazard thereof and the inherent risk incident to such activity, and knowing the methods to be used in the performance of such activity and the dangers thereof, and such risks and dangers were expected and assumed by the plaintiff upon entering into and continuing such activity.

### AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

8. That the plaintiff has failed to mitigate and/or reduce his damages and losses, if any, as alleged in the complaint.

### AS AND FOR AN FIFTH COMPLETE AFFIRMATIVE DEFENSE

9. That the culpable conduct of the plaintiff brought about the alleged damages and injuries which plaintiff claims without any culpable conduct on the part of this defendant, its agents, servants or employees.

10. That if the Court find after trial that any culpable conduct of this defendant, its agents, servants or employees contributed to the alleged damages or injuries to the plaintiff, then and in that event these defendants pray that the amount of damages which might be recoverable shall be diminished

in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged damages or injuries.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

11.   That upon information and belief, the plaintiff's injuries and damages, if any, were caused by the intervening acts of third parties unrelated to this answering defendant.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

12.   That this answering defendants did not owe the plaintiff any of the duties alleged in this lawsuit.

### AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

13.   Upon information and belief the plaintiff has failed to sustain such basic economic loss or serious injuries as defined by Section 5102 of the Insurance Law.

14.   By reason of the premises the cause of action set forth herein for personal injuries based on negligence in the operation of an automobile is barred.

### AS AND FOR A NINTH COMPLETE AFFIRMATIVE DEFENSE

15.   That, upon information and belief, at all times mentioned herein, the plaintiff failed to avail himself of safety devices including seat belts and harnesses which would have prevented or mitigated the injuries claimed herein.

### AS AND FOR A TENTH COMPLETE AFFIRMATIVE DEFENSE

16.   That the Complaint fails to set forth facts sufficient to constitute a cause and/or causes of action upon which relief may be granted insofar as this defendant is concerned.

**WHEREFORE,** defendants demand judgment dismissing the complaint and that the Court apportion responsibility, if any, among the parties, together with the costs and disbursements of this action.

Dated: New York, New York
      June 18, 2008

                                                              Respectfully submitted,

                                                              LITCHFIELD CAVO LLP

                                                              By: _____
                                                                      Edward Fogarty, Jr. (4587)
                                                             420 Lexington Avenue, Suite 2104
                                                             New York, New York 10170
                                                             (212) 434-0100
                                                             ***Attorneys for Defendant***

TO:
STILLMAN & STILLMAN, P.C.
2622 East Tremont Avenue
Bronx, New York 10461
(718) 828-1400
***Attorneys for Plaintiff***

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

**JOSEPHINE CASORIA,** being sworn, deposes and says: I am not a party to the action, am over 18 years of age, reside in Oceanside, New York, and am employed in the office of Litchfield Cavo LLP.

On the 23rd day of June, 2008, served a true copy of the annexed ANSWER, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee(s) as indicated below:

TO:
STILLMAN & STILLMAN, P.C.
2622 East Tremont Avenue
Bronx, New York 10461
(718) 828-1400
***Attorneys for Plaintiff***

_____
JOSEPHINE CASORIA

Sworn to before me this
23rd day of June, 2008

_____
Notary Public
MARIA C. LLANOS
Commissioner of Deeds, City of New York
No. 2-6050
Certificate Filed in Kings County
Commission Expires 03/01/10